**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Mario Arriaga NUNEZ, aka Mario, aka Jorge Alexander Canchola,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

**v.**

**Javier Castaneda, aka Saul,**
**Defendant—Appellant.**

**Nos. 08–30245 *, 08–30279.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2009.

Filed Sept. 16, 2009.

* The panel unanimously finds appeal No. 08–30245 suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Monte J. Stiles, Assistant U.S., Alan G. Burrow, Esquire, Assistant U.S., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Kuna, ID, for Defendant–Appellant, Mario Arriaga Nunez, aka Mario, aka Jorge Alexander Canchola.

Thomas Brian Dominick, Dominick Law Offices, PLLC, Boise, ID, for Defendant–Appellant, Javier Castaneda, aka Saul.

Before: PREGERSON, NOONAN, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**MEMORANDUM ***

Before the district court, the government alleged that, along with several others, Defendants–Appellants Mario Arriaga–Nunez, aka, Jorge Alexander Canchola (Canchola) and Javier Castaneda transported and distributed large quantities of methamphetamine in Nevada and Idaho. Canchola pled guilty and requested a 188–month sentence, which the district court imposed. On appeal, Canchola argues that the sentence was unreasonable. Castaneda went to trial and was convicted. On appeal, he argues that the district court erred by failing to give a mere presence jury instruction and by failing to grant a mistrial, admonish the jury, or strike certain testimony that he argues was irrelevant and unduly prejudicial. As the remaining facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

**1. Substantive Reasonableness of Canchola's Sentence**

Canchola argues that his sentence was substantively unreasonable. The Sentencing Guidelines and 18 U.S.C. § 3553(a) factors, however, indicate otherwise. First, Canchola's sentence is twenty-two months below the bottom of the applicable range of 210 to 262 months. Moreover, while Canchola received a longer sentence than most of his co-conspirators, he maintained the drug "stash house," he coordinated with local distributors, he was involved in Las Vegas drug deals, and, on several occasions, he discussed future drug purchases with an undercover officer. Thus, the sentence does not create an "unwarranted sentence disparit[y] among defendants with similar records who have

been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(1). The other § 3553(a) factors also support the sentence imposed. For example, the sentence is appropriate to "adequate[ly] deter[ ]" both Canchola and the public from similar crimes, *see id.* § 3553(a)(2)(B). The district court therefore did not abuse its discretion in sentencing Canchola. *See United States v. Autery,* 555 F.3d 864, 871 (9th Cir.2009) ("[T]he substantive reasonableness of a sentence—whether objected to or not at sentencing—is reviewed for abuse of discretion.")

## 2. Castaneda's Motion to Grant a Mistrial, Strike Evidence, or Admonish the Jury

■ Castaneda contends that the district court abused its discretion by failing to grant a mistrial, strike evidence, or admonish the jury regarding parts of Officer Bustos's trial testimony which Castaneda argues were inadmissible under Federal Rules of Evidence 401, 402, and 403. Bustos testified that Canchola was concerned with events in Mexico affecting the supply of ephedrine and that he sold drugs because of Mexican government corruption. This testimony supports the government's theory that there was a conspiracy to distribute and posses methamphetamine, and the testimony is therefore relevant. *See* Fed.R.Evid. 401. Though the evidence regarding Canchola's knowledge of the drug trade and his reasons for selling drugs is not particularly probative, it is even less prejudicial. *Cf. United States v. Vallejo,* 237 F.3d 1008, 1016–17 (9th Cir.2001) (holding inadmissible agent's testimony about drug trafficking procedures which implied, without evidence, that any defendant had such knowledge). In this case, Bustos recounted what Canchola, Castaneda's coconspirator, had told Bustos about Canchola's knowledge of drug trafficking. Finally, Canchola's statement about the Mexican government's stealing money did not tie Castaneda to Mexican government corruption; if it had any effect, it suggested Canchola's *aversion* to involvement with the government. It was therefore not prejudicial. The district court did not abuse its discretion with regard to Bustos's testimony. *See* Fed.R.Evid. 403.

## 3. Castaneda's Requested Mere Presence Instruction

■ Castaneda also argues that the court should have given the jury a mere proximity instruction. The government, however, presented substantial evidence of Castaneda's involvement in the drug activity. *See United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992) (A "mere presence" instruction is unnecessary when the government's case rests on "more than just a defendant's presence."). The DEA intercepted several phone calls between Castaneda and Canchola in which they used various codes to discuss drug deals. Castaneda was captured on video removing a bundle, consistent with a package of drugs, from within a vehicle's brake light. Finally, two witnesses testified that Castaneda had brought them methamphetamine. The district court therefore did not abuse its discretion in denying Castaneda's request for a mere presence instruction. *See id.* at 1282.

**AFFIRMED.**